# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| HONORABLE A. VICTOR RAWL, as Personal Representative of the Estate of Aiden Clark, | )<br>)<br>) |
| Plaintiff, | ) No. 2:14-cv-02772-DCN<br>)<br>) |
| vs. | )<br>) |
| SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES; JENNIE "PAT" DOWNARD; CATHERINE GRILL; and MAUREEN HINSON, | )<br>)<br>)<br>) **ORDER** |
| Defendants. | )<br>)<br>) |

This matter is before the court on defendant South Carolina Department of Social Services' ("DSS") motion to compel. For the reasons set forth below, the court denies DSS's motion to compel.

## I. BACKGROUND[1]

Plaintiff Victor Rawl ("Rawl") is the personal representative of the estate of Aiden Clark who died on or about August 17, 2011 at the age of two months while in the care of DSS. Compl. ¶¶ 1, 17, 22. Rawl filed the present action on June 2, 2014 in the Court of Common Pleas of Charleston County bringing the following causes of action: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985; (3) violation of 42 U.S.C. § 1982; (4) negligent supervision; (5) negligent training; and (6) negligence/gross negligence. Defendants removed the case to this court on July 10, 2014.

---

[1] The court will dispense with a lengthy recitation of the underlying facts of the litigation as they are not pertinent to the present motion.

1

DSS filed the present motion pursuant to Federal Rule of Civil Procedure 37 on September 2, 2015 requesting that the court compel Rawl to respond to its Supplemental Interrogatory and Supplemental Request for Production dated July 13, 2015. Rawl responded on September 18, 2015. The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)); see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have "broad discretion in [their] resolution of discovery problems arising in cases before [them]." (alterations in original and internal quotation marks omitted)). If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## III.   DISCUSSION

On July 13, 2015, DSS served its Second Requests for Admission on Rawl. Defs.' Mot. Ex. 1.  The same day, DSS served a Supplemental Interrogatory and Supplemental Request for Production in which DSS requested that Rawl identify and produce the documents to support all of the Second Requests for Admission that Rawl denied.  Id. Ex. 2 ("If any of the Plaintiff's Responses to Requests for Admissions served by any Defendant during the course of this litigation is anything other than an unqualified admission, state the Plaintiff's complete legal and factual basis for each such response . . . and produce all documents that support the Plaintiff's response.").

On August 12, 2015, Rawl served responses to DSS's Second Requests for Admission.  Id. Ex. 3.  On August 18, 2015, Rawl served a response to DSS's Supplemental Request for Production, stating that Rawl "utilized all documents produced in discovery."  Id. Ex. 4.  However, Rawl did not identify or produce any specific documents to support his denials in response to DSS's Requests for Admission.  Id. Rawl also sent DSS a letter, stating that because DSS's Supplemental Interrogatory requests an explanation of each of Rawl's responses to DSS's Second Requests for Admission marked "Denied," the interrogatory is technically several interrogatories.  Id. Rawl objected to responding to the Supplemental Interrogatory, arguing that it exceeds the limit of interrogatories permitted by Federal Rule of Civil Procedure 33(a).  Id.; see also Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").  Rawl did agree, however, to provide responses to three of the denials because DSS previously sent 22 interrogatories, and therefore has three remaining.  Id.

On August 19, 2015, DSS sent Rawl an email in accordance with Rule 37(a)(1). Id. Ex. 5. As of September 2, 2015, Rawl failed to respond to the email. It is DSS's position that the Supplemental Interrogatory—requesting Rawl to provide a "complete legal and factual basis for each" denial—is considered one interrogatory. Alternatively, DSS asks the court to expand the number of interrogatories pursuant to Rule 26(b)(2). DSS further argues that Rawl's response to its Supplemental Request for production is insufficient.

In response, Rawl argues that the court should deny DSS's motion to compel responses to its Supplemental Interrogatory and Supplemental Request for Production because: (1) the Supplemental Interrogatory is really considered many separate interrogatories that exceed the permitted number; (2) DSS did not request that Rawl specifically identify documents supporting his responses; and, lastly, (3) DSS has not shown good cause to warrant an expansion of the number of interrogatories permitted under Rule 33.

### A.     Supplemental Interrogatory

DSS's Supplemental Interrogatory states: "If any of the Plaintiff's Responses to Requests for Admissions served by any Defendant during the course of this litigation is anything other than an unqualified admission, state the Plaintiff's complete legal and factual basis for each such response." Def.'s Mot. Ex. 2. Rawl argues that DSS's Supplemental Interrogatory requesting Rawl's "complete legal and factual basis for each" denial in DSS's Second Request for Admission is considered sixty-nine separate interrogatories because it relates to sixty-nine separate denials.

The court is unaware of a published case within the Fourth Circuit addressing the issue and its research did not reveal such a case. However, there are a few unpublished cases that address whether an interrogatory that asks a party to provide the factual and legal basis for denials in a request for admission consists of separate interrogatories by applying the test utilized by courts to count interrogatories. There are diverging methods for counting interrogatories. Cases within the Fourth Circuit apply the test outlined in Kendall v. GES Exposition Servs., 174 F.R.D. 684, 685 (D. Nev. 1997). This lenient standard "provides that the court should determine whether 'a subpart is logically or factually subsumed within and necessarily related to the primary question.'" Id. (quoting Ginn v. Gemini, Inc., 137 F.R.D. 320, 322 (D. Nev. 1991)); compare Valdez v. Ford Motor Co., 134 F.R.D. 296, 298 (D. Nev. 1991) (applying a more stringent standard that considers each subpart a separate interrogatory).

In American Chiropractic Association v. Trigon Healthcare, Inc., 2002 WL 534459, at *3 (W.D. Va. Mar. 18, 2002), the plaintiff's interrogatory stated: "For each of the plaintiffs' requests for admissions that defendants do not unqualifiedly admit, please explain in detail all of the reasons for defendants' denial or partial denial of the admission request." The plaintiffs made eight requests for admission and the defendant unqualifiedly admitted only one request. Id. The court noted that "interrogatories based on responses to requests for admission generally will concern separate subjects and should be counted as discrete subparts." Id. (citing Safeco of Am. v. Rawstron, 181 F.R.D. 441 (C.D. Cal. 1998)). Applying the more lenient standard in Kendall, the District Court for the Western District of Virginia held that the interrogatory counted as seven separate interrogatories because each involved a discrete subject.

5

Similarly, in <u>Stevens v. Federated Mutual Insurance Co.</u>, 2006 WL 2079503, at *5 (N.D.W. Va. July 25, 2006), the court addressed the following interrogatory: "If your response to any of the Requests for Admission herein set forth was anything less than an unqualified admission, please set forth with specificity for each such response the facts, bases and reasons you believe support said response. Include in your answer any legal authority which you believe supports your response. Also include in you answer sufficient information to identify the exact request(s) for admission to which your answer applies." The court found that the interrogatory counts as eleven separate interrogatories because "it seeks information regarding eleven requests for admission involving different subject areas." <u>Id.</u> (citing <u>Safeco</u>, 181 F.R.D. at 446; <u>Am. Chiropractic</u>, 2002 WL 534459 at *1).

Recently, a United States Magistrate Judge in the Northern District of West Virginia addressed the issue. <u>See</u> <u>Knisely v. Nat'l Better Living Ass'n, Inc.</u>, 2015 WL 574703, at *8 (N.D.W. Va. Feb. 11, 2015) <u>rev'd in part,</u> 2015 WL 1097390 (N.D.W. Va. Mar. 11, 2015). Although the district judge did not adopt the R&R in full, the parties did not object to the magistrate judge's holding pertaining to the interrogatory in question; therefore, the district judge adopted the holding. <u>Id.</u> The court reasoned that "[b]y seeking information to requests for admission '[i]f any response to the requests . . . was anything other than an unequivocal admit,'" the interrogatory necessarily implicates the defendant's responses to at least twenty-two Requests for Admission. <u>Id.</u> Therefore, the court denied plaintiff's motion to compel responses to its second set of interrogatories because it exceeded the limit. <u>Id.</u>

6

Applying the more lenient standard outlined in Kendall, the court finds that DSS's Second Interrogatory is really sixty-nine separate interrogatories because it relates to many different subjects in DSS's Request for Admission. See Defs.' Mot. Ex. 1. Therefore, because DSS has already served 22 interrogatories, Rawl is only required to respond to three such interrogatories. DSS may notify Rawl of the three specific interrogatories to which it requests Rawl respond.

### B.    Good Cause

In the alternative, DSS requested leave for interrogatories to be propounded in excess of the limitation under Rule 33(a). Rule 33(a) provides that a party may not file more than twenty-five interrogatories, including subparts, without obtaining leave of court or written stipulation. Under Rule 33(a), the court must examine the circumstances of the case under the factors listed under Rule 26(b)(2) to determine whether the interrogatory limit may be exceeded. Rule 26(b)(2) provides that additional discovery should be allowed unless:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). Frequently, the question becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party. See Capacchione v. Charlotte–Mecklenburg Sch., 182 F.R.D. 486, 492 (W.D.N.C. 1998).

DSS failed to provide the court any reason why the court should grant its request for leave to file more than sixty additional interrogatories. Therefore, DSS has not

7

established good cause to warrant its request. Further, the court finds that the burdens outweigh any potential benefit because Rawl would be required to specifically identify the legal and factual basis for sixty-nine denials.

Therefore, the court denies DSS's request to file additional interrogatories.

### C.     Supplemental Request for Production

DSS's Second Request for Production states: "If any of the Plaintiff's Responses to Requests for Admission served [on] any Defendant during the course of this litigation is anything other than an unqualified admission, produce all documents that support the Plaintiff's response." Def.'s Mot. Ex. 4. Rawl responded: "Plaintiff utilized all documents produced in discovery. All parties are in possession of same." Id. In its motion to compel, DSS argues that Rawl's response is deficient because it failed to identify any specific documents to support his numerous denials. Def.'s Mot. 2. In response, Rawl argues that DSS failed to request identification of specific documents and that his answer fairly meets the substance of DSS's request. Rawl further argues that had DSS requested identification of the documents, it would be an interrogatory and not a request for production.

The court finds Rawl's response sufficient. DSS's request simply asked Rawl to produce all of the documents used in support of his denials and did not request that Rawl specifically identify the documents that correspond to each denial. Therefore, Rawl's blanket statement that he used all the documents already produced in discovery is sufficient.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** DSS's motion to compel.  DSS may request that Rawl respond to three specific interrogatories.

**AND IT IS SO ORDERED**.

                                                          **DAVID C. NORTON**
                                                          **UNITED STATES DISTRICT JUDGE**

**November 3, 2015**
**Charleston, South Carolina**